# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>Black Google cellular phone | Case No. 2:24-mj-220 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The Device listed on Attachment A, which is attached hereto and incoroporated herein by reference.

located in the     Southern     District of     Ohio    , there is now concealed *(identify the person or describe the property to be seized)*:

The items in Attachment B, which is attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 United States Code Section 846 | Conspiracy to Manufacture, Distribute, or Possess with Intent to Distribute Marijuana |

The application is based on these facts:

See Attached Affidavit

- ☒ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Alexa Montesano, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/24/2024

Chelsey M. Vascura
United States Magistrate Judge
*Judge's signature*

City and state: Columbus, Ohio     Honorable Chelsey M. Vascura, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLACK GOOGLE PHONE CURRENTLY LOCATED AT THE DEA COLUMBUS DISTRICT OFFICE | Case No. 2:24-mj-220 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Alexa Montesano, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with the Drug Enforcement Administration (DEA), assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 United States Code, Section 2516(1). During this time, your affiant has accumulated the following training and experience:

3. I graduated from the DEA Academy located in Quantico, Virginia in 2021. I received approximately 16 weeks of specialized narcotics related training. The training included

controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques, and money laundering investigations.

4. As a DEA agent, I have participated in the execution of numerous search warrants at residences and businesses of narcotics traffickers, safe houses, stash houses, and have participated in numerous search warrants and investigations for drug related offenses.

5. As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, fentanyl, and its analogues, methamphetamine and other controlled substances as defined in 21 U.S.C. § 801. I know that these are controlled substances under 21 U.S.C. § 801.

6. During the course of my law enforcement career, I have had experience in debriefing defendants, interviewing participating witnesses, and working with cooperating individuals and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution and concealment of records and proceeds of trafficking in controlled substances.

7. Before joining DEA, I was a police officer for approximately two years, during which I participated in narcotics investigations. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

8. The property to be searched is a black Google cellular phone (hereinafter referred to as, "**TARGET DEVICE**") associated with ▮▮▮▮▮ (hereinafter referred to as, "▮▮▮"). The **TARGET DEVICE** is currently being held at the DEA Columbus District Office (hereinafter referred to as, "CDO") located at 500 South Front Street, Columbus, Ohio, 43215.

9. The applied-for warrant would authorize the forensic examination of the **TARGET DEVICE** for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

10. On or about March 8, 2024, Troopers with the Ohio State Highway Patrol (hereinafter referred to as, "OSHP"), who are assigned as Task Force Officers with the DEA CDO, were conducting narcotics interdiction on Ohio Interstate 70 eastbound in Madison, County, Ohio. OSHP Troopers conducted a traffic stop for a traffic violation on a black Tesla, bearing New York license plate JCJ 9136. OSHP Troopers identified ▮▮▮ as the sole occupant and driver of the vehicle. During the traffic stop, OSHP Troopers deployed a K-9 to conduct a free air sniff of the vehicle which resulted in the positive indication of the odor of narcotics coming from the vehicle. During a probable cause search of the vehicle, OSHP Troopers located and seized approximately $157,000 in United States Currency and a black Google cellular phone or the **TARGET DEVICE** in the Tesla. At that time, OSHP Troopers advised ▮▮▮ of his Miranda Rights. OSHP Troopers advised ▮▮▮ that they believed that the United States Currency located in the Tesla was drug proceeds from an illegal marijuana grow in which ▮▮▮ shook his head in a "yes" manner, indicating he agreed. During a search of the Tesla, OSHP Troopers observed a water bill for a

3

marijuana grow that had not been approved yet and documentation connecting ▓ to two marijuana grows in Oklahoma that had been shut down.

11. On the same date, members of the DEA CDO arrived at the OSHP West Jefferson Post to conduct an interview with ▓. At that time, members of the DEA advised ▓ of his Miranda Rights, both verbally and written, and he agreed to speak with investigators. ▓ stated that he currently lived in New York and was traveling back to New York when the traffic stop occurred. ▓ did not wish to answer any further questions about the United States Currency and at that time, members of the DEA concluded the interview.

12. Based on the facts described above, as well as my training and experience, and the training and experience of other law enforcement officers and investigators involved in this investigation, I know that drug traffickers and money launderers commonly maintain names, telephone numbers, addresses, audio text messages, text messages, and photographs sent between members of the drug trafficking organization which they support in their cellular phones and digital storage devices. Electronic devices, such as cellular phones, often contain pictures of drugs, drug proceeds, other tools used in the drug trade, drug trafficking organization members information, and other incriminating evidence. Agents believe that information contained in the electronic device seized on March 8, 2024, could possibly lead to additional evidence of drug trafficking and could assist investigators in learning, among other things, the identity and/or location of other yet unidentified members of this drug trafficking organization, as well as unidentified sources of supply. I also know that narcotics traffickers often attempt to erase some or all information from their cellular phones or other electronic devices in order to conceal text messages, photos, call logs, etc. that could be used as evidence against them if discovered by law enforcement.

13. The **TARGET DEVICE** is currently in the lawful possession of the DEA. It came into the DEA's possession pursuant to a probable cause search of a vehicle which resulted in the seizure of approximately $157,000. Therefore, while the DEA might already have all the necessary authority to examine the **TARGET DEVICE**, I seek this additional warrant out of an abundance of caution to be certain that an examination of the **TARGET DEVICE** will comply with the Fourth Amendment and other applicable laws.

14. The **TARGET DEVICE** is currently in storage at the DEA CDO. In my training and experience, I know that the **TARGET DEVICE** has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the **TARGET DEVICE** first came into the possession of the DEA.

## TECHNICAL TERMS

15. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still

5

      photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

   b.  IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.  Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

   c.  Internet: The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

16.    Based on my training, experience, and research, I know that the **TARGET DEVICE** has capabilities that allow it to serve as a cellular telephone, which can access the internet. In my

training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

18. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **TARGET DEVICE** was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the **TARGET DEVICE** because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

  d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

  e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

20. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **TARGET DEVICE** described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Alexa Montesano
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me
on April 24, 2024:

Honorable Chelsey M. Vascura
United States Magistrate Judge
Southern District of Ohio

## ATTACHMENT A

The property to be searched is a black Google phone, hereinafter the "**TARGET DEVICE.**" The **TARGET DEVICE** is currently located at the DEA Columbus District Office located at 500 South Front Street, Columbus, Ohio, 43215. This warrant authorized the forensics examination of the **TARGET DEVICE** for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the **TARGET DEVICE** described in Attachment A that relate to violations of 21 U.S.C. § 846 that involves ▮▮▮▮▮▮▮▮ since March 8, 2024, including:

    a. Lists of customers and related identifying information;
    b. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specified transactions;
    c. Any information related to source of drugs (including names, addresses, phone numbers, or any other identifying information), couriers of drugs, drug customers, and money launderers of drug proceeds;
    d. All band records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the **TARGET DEVICE** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.